993 F.2d 1549
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Roman KRASINSKI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-2575.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 20, 1993.*
Decided May 11, 1993.
 
 Before COFFEY, FLAUM and ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 The Immigration and Naturalization Service ("INS") found Roman Krasinski deportable under § 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2) (1988), which provides for the deportation of nonimmigrants who have remained in the United States longer than permitted. Although conceding deportability, Krasinski applied for political asylum and withholding of deportation, 8 U.S.C. §§ 1158(a), 1253(h), or, in the alternative, a grant of voluntary departure in lieu of deportation under 8 U.S.C. § 1254(e). The immigration judge denied Krasinski's application and ordered his deportation. Krasinski appealed to the Board of Immigration Appeals ("BIA," or "Board"). The BIA dismissed his appeal. We deny Krasinski's petition for review.
 
 I. FACTS
 
 2
 Petitioner Roman Krasinski is an unmarried, thirty-eight year old native of Poland. He last entered the United States on December 20, 1987 as a visitor, with permission to remain until June 20, 1988. When his visa expired, the INS began deportation proceedings against him. He was granted a continuance so that he could apply for asylum.
 
 
 3
 At the deportation hearing held on March 8, 1990, the immigration judge found that Krasinski had previously entered the United States on a visitor's visa in 1979, and had overstayed his visa that time as well. Krasinski testified that upon returning to Poland in 1981 he joined Solidarity, became close friends with one of its leaders at the factory where he worked, and participated in political activities sponsored by Solidarity, such as leafleting and a labor strike. He was detained and interrogated by Polish police on three or four occasions, and was threatened with punishment if he did not agree to spy on Solidarity members at work. He was fired from his job during a strike in 1982.
 
 
 4
 The immigration judge found that Krasinski had never been incarcerated or physically harmed during his interrogations, and that he had no difficulty obtaining a passport to visit the United States. Krasinski has a brother who is a naturalized American citizen. His mother also lives in the United States, as a permanent resident. Although Krasinski acknowledged that there have been major political changes in Poland, he claimed that the former members of the Communist Party who had persecuted him were still in positions of power, and that he was fearful of not being able to find work if forced to return.
 
 II. ANALYSIS
 
 5
 A. Political Asylum and Withholding of Deportation.
 
 
 6
 To be eligible for asylum, an alien must establish that he meets the statutory definition of "refugee"--that he is unable or unwilling to return to his country because of past persecution or a "well-founded fear" of future persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); INS v. Elias-Zacarias, 112 S.Ct. 812, 815 (1992); Sivaainkaran v. INS, 972 F.2d 161, 163 (7th Cir.1992). The decision whether to grant asylum to a refugee is within the discretion of the Attorney General. Sivaainkaran, 972 F.2d at 163. If the applicant can meet the more stringent standard of a "clear probability," as opposed to a "well-founded fear," that his life or freedom would be threatened on account of one of the five listed factors, withholding of deportation is mandatory. 8 U.S.C. § 1253(h)(1); INS v. Cardoza-Fonseca, 480 U.S. 421, 423-24, 107 S.Ct. 1207, 1209 (1987); Rhoa-Zamora v. INS, 971 F.2d 26, 29 (7th Cir.1992), cert. denied, 1993 WL 30883, 1993 U.S. LEXIS 3021 (April 26, 1993).
 
 
 7
 The BIA determined that Krasinski did not meet the statutory definition of refugee because (1) he does not have a well-founded fear of future persecution, and (2) he failed to establish past persecution. This is a factual determination which we must affirm if supported by substantial evidence. 8 U.S.C. § 1105(a)(4); Elias-Zacarias, 112 S.Ct. at 817; Sivaainkaran, 972 F.2d at 163.
 
 
 8
 The BIA determined that Krasinski does not have a well-founded fear of future persecution based on his membership and activity in Solidarity. The BIA took notice of the fact that Solidarity members are no longer being persecuted in Poland. See Osuch v. INS, 970 F.2d 394, 396 (7th Cir.1992) (per curiam ); Kaczmarczyk v. INS, 933 F.2d 588, 593-94 (7th Cir.), cert. denied, 112 S.Ct. 583 (1991); see also Skalak v. INS, 944 F.2d 364, 365 (7th Cir.1991); Kubon v. INS, 913 F.2d 386, 388 (7th Cir.1990). The immigration judge also gave Krasinski an opportunity to present evidence that his past membership in Solidarity places him in current danger of persecution, and engaged in an individualized review of that evidence.[1] See Kaczmarczyk, 933 F.2d at 594-95, 596; see also Rhoa-Zamora, 971 F.2d at 33-34. Because Krasinski has fallen far short of showing that the evidence presented "was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution," Elias-Zacarias, 112 S.Ct. at 817, we uphold the Board's determination.[2] See Sivaainkaran, 972 F.2d at 165.
 
 
 9
 The BIA also found that Krasinski has failed to establish past persecution. The Board noted that Krasinski had been detained and interrogated three or four times by Polish police, and that he had lost his job because he had refused to cooperate with authorities during a strike. The Board then concluded that these incidents did not amount to persecution within the meaning of the Immigration and Nationality Act ("INA"). This determination is also supported by substantial evidence. See Zalega v. INS, 916 F.2d 1257, 1260 (7th Cir.1990); see also Skalak, 944 F.2d at 365. Because Krasinski has not demonstrated that he was "persecuted" for purposes of the INA, he has failed to establish that he is entitled to political asylum due to past persecution, which generally requires a showing of "[past] persecution so severe that ... a person should not be forced to return to the country in which [he] underwent it even if the danger of recurrence is negligible." Skalak, 944 F.2d at 365; see Osuch, 970 F.2d at 396; Zalega, 916 F.2d at 1260-61.
 
 
 10
 Although Krasinski was unable to satisfy even the more lenient requirements for establishing a "well-founded fear" of future persecution in support of his request for political asylum under § 1158(a), he relies on the very same arguments to support his claim that deportation should be withheld under § 1253(h). Because the standard for withholding deportation under § 1253(h) is considerably more stringent than the standard for demonstrating a "well-founded fear" of persecution for purposes of asylum under § 1158(a), see, e.g., Cardoza-Fonseca, 480 U.S. at 423-24, 107 S.Ct. at 1209, the Board's finding that Krasinski did not meet the requirements for withholding deportation was proper.
 
 
 11
 B. Voluntary Departure.
 
 
 12
 Krasinski also requested that he be granted voluntary departure under 8 U.S.C. § 1254(e) instead of being deported. The BIA upheld the denial of voluntary departure by the immigration judge. We review the BIA's discretionary decision only for an abuse of discretion. Garcia-Lopez v. INS, 923 F.2d 72, 74 (7th Cir.1991). Our review of the Board's decision is "limited to whether the discretion was actually exercised and whether it was exercised in an arbitrary or capricious manner." Id. (citations omitted). The Board "must show that it weighed all of the favorable and unfavorable factors and state its reasons for denying relief." Id. (citations omitted).
 
 
 13
 In its Order, the Board expressly adopted the immigration judge's reasons for denying voluntary departure. After noting that Krasinski's application for voluntary departure was tendered "inchoately," (perhaps meaning at the last possible moment), the immigration judge stated that Krasinski bore the burden of showing that he merits a favorable exercise of discretion, and that Krasinski had failed to make this showing "because of the findings above." In affirming the immigration judge, the Board understood this statement to mean that voluntary departure was denied on the basis of the same findings as those that supported the denial of asylum. The immigration judge's findings and his discussion of those findings are sufficiently articulated to permit an informed review of the Board's denial of voluntary departure. See Vergara-Molina v. INS, 956 F.2d 682, 684-85 (7th Cir.1992) (in waiver of deportability case, Board's opinion "demonstrated adequately, albeit imperfectly, that the Board heard and thought about the relevant factors"); Becerra-Jiminez v. INS, 829 F.2d 996, 999-1000 (10th Cir.1987) (citations omitted).
 
 
 14
 In his decision, the immigration judge noted that Krasinski has family members currently residing in the United States. He also found that Krasinski's testimony concerning his political activities in Poland was not credible, that Krasinski had entered the United States twice as a visitor, and had overstayed his visa on both occasions. During the first of those visits, Krasinski had had the opportunity to apply for asylum and instead had returned to Poland. Krasinski had not had trouble obtaining a passport to visit his relatives in the United States. In light of these facts, the immigration judge not only denied Kransinski's request for voluntary departure, but also found that Krasinski's application was frivolous and had been brought for the purpose of delaying his departure. In making its discretionary decision to deny voluntary departure, the BIA thus considered relevant factors, see Garcia-Lopez, 923 F.2d at 75-76, and properly gave weight to Krasinski's unfavorable immigration history. See INS v. Rios-Pineda, 471 U.S. 444, 451-52, 105 S.Ct. 2098, 2103 (1985) (BIA is legitimately concerned with proper administration of immigration laws); Garcia-Lopez, 923 F.2d at 75-76 (same). The Board did not abuse its discretion when it denied Krasinski's request for voluntary departure.
 
 CONCLUSION
 
 15
 The petition for review of the BIA's decision is accordingly
 
 
 16
 DENIED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Petitioner has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the administrative record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Based upon Krasinski's presentation, the immigration judge was actually unable to determine whether Krasinski had ever been an active member of Solidarity at all
 
 
 [2]
 We also note that generalized allegations by an alien that he will encounter economic difficulties if deported are not sufficient to qualify him for asylum. See Zalega v. INS, 916 F.2d 1257, 1260 (7th Cir.1990) (collecting cases)