**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 9, 2010
Decided March 15, 2010[*]

*Before*

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 09-1071

| | |
|---|---|
| SHI TU ZHENG and FANG ZHENG, <br> *Petitioners*, | Petition for Review of an Order <br> of the Board of Immigration Appeals. |
| *v.* | Nos. A029-806-561, A073-603-812 |
| ERIC H. HOLDER, JR., Attorney <br> General of the United States, <br> *Respondent*. | |

**O R D E R**

On May 28, 2004, we denied a petition filed by the Zhengs to review the denial by the Board of Immigration Appeals of their application for asylum, which was based on China's "one child" policy. *Zheng v. Ashcroft*, 104 Fed. Appx. 564 (7th Cir. 2004). Before us is their petition to review the Board's denial of their third motion to reopen their asylum proceeding. That motion was filed on October 3, 2008. Their first and second motions to reopen had been denied on July 24 and October 29, 2007, respectively, and the petitioners had not

---

* This appeal is successive to case no. 02-3961 and has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See FED. R. APP. P. 34(a)(2)(C).

sought judicial review of either denial. The only basis on which they could file a further petition to reopen their asylum proceeding is a change in country conditions since the denial of the second petition. See 8 C.F.R. § 1003.2(c)(3)(ii); *Lin v. Gonzales*, 435 F.3d 708, 710 (7th Cir. 2006); *Krougliak v. INS*, 289 F.3d 457, 460 (7th Cir. 2002). But their third motion merely rehashed the same claim—that enforcement of China's one-child policy has become more stringent in their native Fujian province after they had been ordered removed—and was supported by the same evidence they had already presented unsuccessfully in their previous two motions. They are playing a pure delay game, and if they continue will invite the imposition of sanctions on themselves and their lawyer. See Fed. R. App. P. 38; *Giannopoulos v. Brach & Brock Confections*, 109 F.3d 406, 412 (7th Cir. 1997); *Osuch v. INS*, 970 F.2d 394, 396 (7th Cir. 1992); see also 8 C.F.R. § 1292.3.

The petition is denied.