**Barbara SKALAK, Petitioner,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.**

No. 90–2015.

United States Court of Appeals,
Seventh Circuit.

Submitted Aug. 20, 1991.
Decided Sept. 23, 1991.

Y. Judd Azulay, Roderick F. Mollison, Azulay & Azulay, Chicago, Ill., for petitioner.

Ira H. Raphaelson, Asst. U.S. Atty., Office of the U.S. Atty., Crim. Div., Chicago, Ill., Norah Ascoli Schwarz, Office of Immigration Litigation, Civ. Div., Dept. of Justice, Richard L. Thornburgh, U.S. Atty. Gen., Office of the U.S. Atty. Gen., Washington, D.C., Michael L. Harper, I.N.S., Chicago, Ill., for respondent.

Before CUMMINGS, POSNER and MANION, Circuit Judges.

POSNER, Circuit Judge.

Barbara Skalak, a Polish national who has been ordered deported to Poland for having overstayed her visitor's visa on which she came to this country in 1986, asks us to set aside the decision by the Board of Immigration Appeals denying her applications for asylum and for withholding

of deportation. 8 U.S.C. §§ 1158(a), 1153(h). For about a year before she left Poland she was active in the Solidarity movement. Her activities resulted in her being jailed twice for interrogation, each time for three days; also, officials at the school where she taught harassed her for her refusal to join the Communist Party.

■ If as she claims she has a "well-founded fear of persecution" if returned to Poland, then she is entitled to withholding of deportation. But since the Communist government has been overthrown and the leader of the Solidarity movement is now Poland's president, the Board committed no error in concluding that her fear of being persecuted is not well founded. *Kaczmarczyk v. INS*, 933 F.2d 588, 594 (7th Cir.1991); *Kubon v. INS*, 913 F.2d 386, 388 (7th Cir.1990).

■ More interesting is the question whether the treatment meted out to her by the Communist authorities *was* persecution, for if it was she is eligible for asylum even if the probability of recurrence is nil. *Desir v. Ilchert*, 840 F.2d 723, 729 (9th Cir.1988). Eligibility is not entitlement. Past persecution creates a presumption in favor of granting asylum, but the presumption is rebuttable; among other factors admissible in rebuttal is a demonstration that, as in this case, the alien is not in danger of being persecuted again. *In re Chen*, No. A–26219652 (available on WESTLAW, FIM–BIA database, BIA Interim Decision # 3104), 1989 BIA LEXIS 10. If, as this possibility for rebuttal suggests, the ultimate issue is what will happen to the alien when he is deported, one may wonder why past persecution figures at all in the decisional process. Why isn't the orientation of the inquiry entirely forward-looking? The answer is twofold. The past is sufficiently predictive of the future to warrant a shifting of the burden of production. But, as explained in *Chen*, the past has an additional significance, independent of prediction and therefore not necessarily affected by a demonstration that the alien is in no danger of being persecuted in the fu-

ture. The experience of persecution may so sear a person with distressing associations with his native country that it would be inhumane to force him to return there, even though he is in no danger of further persecution. Very few of the surviving German Jews returned to Germany after the destruction of the Nazi regime, and it would have been cruel to force them to do so on the ground that bygones are bygones. In such cases the attempted rebuttal fails; in lesser cases of past persecution and perhaps even in the most serious cases if the persecuted group has become the ruling group, deportation may not be inhumane.

■ These distinctions may explain what at first glance seems an ungenerous conception of persecution in the Board's cases and our own, under which the brief detentions and mild harassment that Barbara Skalak experienced at the hands of the Polish authorities do not add up to "persecution." *Zalega v. INS*, 916 F.2d 1257, 1260 (7th Cir.1990), and cases cited there. Persecution is a broad term, and it would do no violence to its ordinary meaning to deem what Skalak went through persecution. But we must have regard for the function of the term in a case such as this where the question is whether a person should be eligible for asylum, notwithstanding the absence of any danger of persecution, merely because she was persecuted in the past. The function is to identify persecution so severe that perhaps a person should not be forced to return to the country in which she underwent it even if the danger of recurrence is negligible. The Board was entitled to conclude that the mild persecution that is all that this record discloses falls short of the statutory criterion.

AFFIRMED.