USCA1 Opinion

 

 July 7, 1992 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 91-2227 ALICJA TOKARSKA, Petitioner, v. IMMIGRATION AND NATURALIZATION SERVICE, Respondent. ____________________ ON PETITION FOR REVIEW OF AN ORDER OF THE IMMIGRATION AND NATURALIZATION SERVICE ____________________ Before Breyer, Chief Judge, ___________ Cyr and Boudin, Circuit Judges. ______________ ____________________ Steve J. Gutherz and Law Offices of Steve J. Gutherz, P.C., on _________________ ________________________________________ brief for appellant. Stuart M. Gerson, Assistant Attorney General, Civil Division, _________________ Richard M. Evans, Assistant Director, and Marshall Tamor Golding, _________________ _______________________ Attorney, Office of Immigration and Litigation, Civil Division, U.S. Department of Justice, on brief for appellee. ____________________ -1- ____________________ Per Curiam. Alicja Tokarska appeals a final order __________ of the Board of Immigration Appeals. The Board affirmed an immigration judge's order finding Tokarska deportable for overstaying her visitor's visa, denying her applications for asylum and for withholding of deportation, and granting her voluntary departure in lieu of deportation. 8 U.S.C. 1251(a)(2)(1952) (amended 1990), 1158, 1253(h). On appeal, Tokarska argues solely that we should reverse the Board's decision because it erred in determining that she failed to show that she had suffered past persecution, as a member of the Solidarity movement, sufficient to justify granting her "refugee" status and asylum. She asks this court to declare that she is entitled to a discretionary grant of asylum. She overlooks, however, the very limited role of this court in reviewing asylum cases. The Attorney General is authorized (in his discretion) to grant asylum to an alien who is a "refugee." 8 U.S.C. 1158(a). The statute defines a "refugee" as an alien who is unable or unwilling to return to her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion," 8 U.S.C. 1101(a)(42)(A). Thus, the Board has held that an alien who seeks "refugee" -3- 3 status may do so by showing either (1) that she reasonably fears that she will be persecuted if she returns to her home country, or (2) that she has suffered, in the past, persecution so severe that her suffering warrants asylum, on humanitarian grounds, despite the lack of any real likelihood that she would face persecution in the future. See Matter of Chen, Int. Dec. 3104 (BIA 1989). ___ ______________ Tokarska does not contest, on this appeal, the Board's determination that she had no reasonable fear of future persecution; she argues only that the Board erred in finding no past persecution sufficiently horrendous to ____ qualify her as a "refugee" on humanitarian grounds, even if that persecution would not be repeated. (The Board took notice of the fact that Solidarity is now part of the coalition governing Poland, so that Tokarska clearly could fear no future persecution for her Solidarity membership. Cf. Kaczmarczyk v. INS, 933 F.2d 588, 593-97 (7th Cir. ___ ___________ ___ 1991).) We can reverse the Board's determination that Tokarska was not entitled to asylum only if the evidence she presented in respect to her past suffering "was so compelling that no reasonable factfinder could fail to find" that she had made the requisite showing or the INS had -4- 4 abused its discretion in deciding that the persecution she suffered was not sufficient. INS v. Elias Zacarias, 112 ___ ______________ S.Ct. 812, 817 (1992). See also NLRB v. Columbian _________ ____ _________ Enameling & Stamping Co., 306 U.S. 292, 300 (1939). ________________________ Most "refugee" asylum cases involve claims of a reasonable fear of future persecution, but the few that address claims of past persecution involve facts that are very different from those presented here. To merit a grant of asylum on the basis of past persecution, "an alien must ____ show past persecution so severe that repatriation would be inhumane." Baka v. INS, 1992 U.S. App. LEXIS 10318, *7 ____ ___ (10th Cir. May 13, 1992). This more demanding standard where past persecution alone is in issue, although not manifest in the terse language of the statute, does have a substantial basis in policy and the past decisions of the courts and the Board. See Skalak v. INS, 944 F.2d 364 (7th ___ ______ ___ Cir. 1991). On the record in this case, Tokarska's experiences in Poland as a member of the Solidarity movement do not make out such a claim. She points to several facts in support of her claim of sufficiently severe past persecution: she was struck and injured by a tear-gas canister during an anti- government demonstration; she was arrested during another -5- 5 demonstration, suffered physical injury at the hands of police during that arrest and subsequent questioning, and spent twenty-four hours in jail; afterwards, her desk at work was searched, and she never again received a promotion or pay raise, although she had in the past. These facts are significantly less compelling than ____ those in other cases in which federal courts have upheld administrative rejections of similar asylum claims based on past persecution. Kapcia v. INS, 944 F.2d 702, 704, 708-09 ______ ___ (10th Cir. 1991) (denial of asylum lawful where claimant arrested four times, detained three times, beaten once, had house searched, was treated badly at work; other claimant suffered two-day interrogation, detention, and beating, parents' home was searched, received bad work projects and no bonus, conscripted into army where he was harassed, finally fired from job); Skalak, 944 F.2d at 365 (denial of ______ asylum lawful where claimant jailed twice for interrogation, three days each time, harassed by officials at work); Kubon _____ v. INS, 913 F.2d 386, 388 (7th Cir. 1990) (denial of asylum ___ lawful where claimant jailed for five days; "a brief confinement for opposition to a totalitarian regime does not necessarily constitute persecution."); see also Zalega v. ________ ______ INS, 916 F.2d 1257 (7th Cir. 1990) (neutral, non-Solidarity ___ -6- 6 member repeatedly arrested and interrogated, fired from job). While "[t]he experience of persecution may so sear a person with distressing associations with his native country that it would be inhumane to force him to return there, even though he is in no danger of further persecution," Skalak, ______ 944 F.2d at 365, this is not such a case. Consequently, the persecution Tokarska describes is not "so compelling" that the agency must find her eligible for "refugee" status and ____ asylum. The judgment of the Board of Immigration Appeals is summarily affirmed pursuant to Local Rule 27.1. ________ -7- 7