990 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Stanislaw KUBIAK, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70667.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 24, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Stanislaw Kubiak, a native and citizen of Poland, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the immigration judge's ("IJ") decision finding Kubiak deportable and denying his application for asylum and withholding of deportation pursuant to 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition for review.
 
 
 3
 Our review is limited to the BIA's decision and the bases upon which the BIA relied in reaching its decision. Acewicz v. INS, No. 91-70257, slip op. 969, 974 (9th Cir. Feb. 4, 1993). We review the BIA's factual determinations, including the determination that an alien has failed to prove a well-founded fear of persecution, under the substantial evidence standard. Sanchez-Trujillo v. INS, 801 F.2d 1571, 1578 (9th Cir.1986). We also review the BIA's decision to grant or deny the request for withholding of deportation under the substantial evidence standard. Diaz-Escobar v. INS, 782 F.2d 1488, 1491-92 (9th Cir.1986). Under the substantial evidence standard, we reverse the BIA "only where the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Acewicz, No. 92-70257, slip op. at 978.
 
 
 4
 * Denial of Asylum
 
 
 5
 Kubiak contends the BIA erred by finding Kubiak ineligible for asylum because his past persecution demonstrates that future persecution is likely. Kubiak further contends he should have been granted asylum for humanitarian reasons. These contentions lack merit.
 
 
 6
 Section 208(a) of the Refugee Act of 1980, 8 U.S.C. § 1158(a), authorizes the Attorney General, in his or her discretion, to grant asylum to an alien who is a "refugee." As defined in the Act, a refugee is an alien who is unable or unwilling to return to his or her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); see INS v. Cardoza-Fonseca, 480 U.S. 421, 423 (1987).
 
 
 7
 To establish eligibility for asylum based on a well-founded fear of persecution, an applicant must demonstrate a fear that is both subjectively genuine and objectively reasonable. Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir.1991). An applicant's "candid, credible and sincere testimony demonstrating a genuine fear of persecution" satisfies the subjective component of the standard. See Blanco-Comarribas v. INS, 830 F.2d 1039, 1042 (9th Cir.1987) (quotations omitted). The objective component requires "a showing by credible, direct, and specific evidence in the record, of facts that would support a reasonable fear that the petitioner faces persecution." Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam) (quotations and emphasis omitted). Persecution involves "the infliction of suffering or harm upon those who differ (in race, religion or political opinion) in a way regarded as offensive." Desir v. Ilchert, 840 F.2d 723, 727 (9th Cir.1988) (quotations omitted).
 
 
 8
 We agree with the BIA that Kubiak has failed to establish statutory eligibility for asylum. Kubiak's request for asylum was based on his claim that he has a well-founded fear of being persecuted by the Communists in Poland. In support of his claim, Kubiak testified that he suffered arrest, detention, interrogation, harassment, and discrimination because of his political beliefs. The BIA found that the actions taken against Kubiak did not rise to the level of persecution. Kubiak's life was not threatened, and he did not suffer physical harm. He was detained on only three occasions, for no more than 48 hours at a time. Moreover, Kubiak failed to demonstrate that he had an objectively reasonable fear of the new Polish government.[1] Although Kubiak alleged that Communists still controlled the military and police, he did not allege that they continued to persecute Solidarity members. Substantial evidence supports the BIA's conclusion that Kubiak did not have a well-founded fear of persecution. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir.1992). Accord Skalak v. INS, 944 F.2d 364, 365 (7th Cir.1991) (no persecution found where applicant had been jailed twice for interrogation, each time for a three-day period). Thus, the BIA did not err by dismissing Kubiak's appeal.
 
 
 9
 We also reject Kubiak's contention that the BIA should have granted asylum based on humanitarian reasons. "The BIA may [exercise its discretion to] grant asylum for humanitarian reasons, where an applicant or his [or her] family has suffered under atrocious forms of persecution, even where there is little likelihood of future persecution." Acewicz, No. 91-70257, slip op. at 979 (quotations omitted). Kubiak has not suffered atrocities that would justify relief on humanitarian grounds. See Matter of Chen, Int.Dec. 3104 at 4 (BIA 1989). Accordingly, the BIA did not abuse its discretion by denying Kubiak relief based on humanitarian grounds.
 
 II
 Denial of Withholding of Deportation
 
 10
 Kubiak contends the BIA erred by finding he was not entitled to withholding of deportation. Kubiak argues that his past persecution proves that future persecution is more likely than not and that conditions of persecution still exist. These contentions lack merit.
 
 
 11
 An applicant is entitled to withholding of deportation pursuant to 8 U.S.C. § 1253(h) if he or she establishes a "clear probability of persecution." INS v. Stevic, 467 U.S. 407, 413 (1984); Blanco-Lopez v. INS, 858 F.2d 531, 533 (9th Cir.1988). To meet this burden, the applicant must show that it is more likely than not that he or she will be persecuted upon deportation. Blanco-Lopez, 858 F.2d at 533. The "clear probability" standard applicable to withholding of deportation is more stringent than the "well-founded fear" standard applicable to asylum claims. De Valle v. INS, 901 F.2d 787, 790 (9th Cir.1990). Accordingly, an applicant who fails to demonstrate a "well-founded fear of persecution" required for asylum under section 208(a) also fails to meet the more stringent standard of a "clear probability of persecution" required for withholding of deportation. Berroteran-Melendez, 955 F.2d at 1258.
 
 
 12
 Because Kubiak failed to demonstrate a well-founded fear of persecution, he also failed to meet the higher standard of clear probability of persecution. See id.
 
 
 13
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The BIA was entitled to take administrative notice of the change in government. Acewicz, No. 91-70257, slip op. at 978