16 F.3d 1225
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Stanislawa ARCIUCH, Krystyna Jarzebski and Jaroslaw
Jarzebski, Petitioners,**
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 92-2543, 92-1413.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 14, 1993.*
Decided Jan. 21, 1994.
 
 Before CUMMINGS, CUDAHY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Petitioners, citizens of Poland, appeal from the orders of the Board of Immigration (Board) upholding the denial of their applications for political asylum and withholding of deportation under Sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. Secs. 1158(a) and 1253(h).
 
 
 2
 Jaroslaw Jarzebski[1] entered the United States in 1985 as a visitor. He testified that, as a result of distributing illegal handbills for the Solidarity movement, he was frequently searched, detained, interrogated, threatened and, on one occasion, hit. He was dismissed from his job, and during a search of his house, he was beaten and valuable belongings disappeared.
 
 
 3
 Stanislawa Arciuch entered the United States in 1985 on a tourist visa. She had been a founding member of a local committee for Solidarity and had suffered detainment, interrogation and home searches. At a hearing before an immigration judge on July 31, 1990, Arciuch testified that while in the United States she had renewed her Polish passport and voted (through the Polish consulate) in the most recent Polish election.[2]
 
 
 4
 We may reverse the Board's determination that an applicant has not established a well-founded fear of persecution or past persecution warranting political asylum "only if the evidence is 'so compelling that no reasonable factfinder could fail to find the requisite fear of persecution.' " Sivaainkaran v. I.N.S., 972 F.2d 161, 163 (7th Cir.1992) (quoting I.N.S. v. Elias-Zacarias, 112 S.Ct. 812, 817 (1992)).
 
 
 5
 The petitioners argue that they should have been granted political asylum based on past persecution and on their well-founded fears of future persecution. Substantial evidence supports the Board's determinations that the petitioners did not demonstrate well-founded fear of prosecution. The petitioners' alleged fear of persecution arise from their past activities in the Solidarity movement in Poland. The Board properly took official notice that political conditions in Poland have changed since the petitioners left Poland and that Solidarity has become part of the coalition governing Poland. Kaczmarczyk v. I.N.S., 933 F.2d 588 (7th Cir.), cert. denied, 112 S.Ct. 583 (1991). Despite the similar testimonies by both applicants that the local police still belong to the Communist party, the petitioners have not presented evidence to rebut the officially noticed facts. No documentation exists in either record to indicate that Solidarity supporters risk persecution. The petitioners testified that they had heard or read news accounts of individuals in Poland being killed, but did not submit those accounts or explain how they personally were at risk for these types of occurrences.
 
 
 6
 Although Jarzebski testified that he feared persecution, substantial evidence supports the Board's determination that those fears were not well-founded. See Sivaainkaran, 972 F.2d at 163 (applicant must show that reasonable person would fear persecution). He did not submit evidence demonstrating that despite the changes in Poland he still faced persecution. The Board determined that Jarzebski did not claim to be a key figure in the Solidarity movement; Jarzebski testified that his involvement consisted of distribution of handbills. The Board may consider the magnitude or frequency of an applicant's activities in Solidarity in determining whether the applicant reasonably fears persecution. Balazoski v. I.N.S., 932 F.2d 638, 641 (7th Cir.1991).
 
 
 7
 Arciuch's involvement had been more substantial. She testified that when she had spoken to her husband in Poland three weeks prior to the hearing, he informed her that a person identifying himself as a policeman had inquired about Arciuch's potential return to Poland and her address in the United States. No threats were issued. Although the Board did not discuss the significance of this phone call in its decision, the Board discussed the absence of documentary evidence demonstrating that authorities in Poland would persecute someone such as Arciuch. In the absence of evidence that Solidarity supporters are in danger of persecution from authorities, one phone call from an alleged police officer is insufficient to establish that Arciuch will be persecuted by the authorities as a result of her political activities if she returns to Poland.
 
 
 8
 The petitioners argue that they suffered persecution in Poland and that evidence of past persecution alone is sufficient to warrant political asylum. We disagree. We consider past persecution for two reasons: 1) past persecution may be predictive of the future; and 2) past persecution may have caused such distressing associations with an applicant's native country that it would be inhumane to force the applicant to return. Skalak v. I.N.S., 944 F.2d 364, 365 (7th Cir.1991). The change in government since the petitioners' departure from Poland negates the suggestion that they will be persecuted in the future. Furthermore, the applicants have not demonstrated that they experienced "persecution so severe that ... [they] should not be forced to return to [Poland]." Skalak, 944 F.2d at 365. We have defined persecution as "punishment" or "the infliction of harm." Sivaaikaran, 972 F.2d at 164 n. 2 (quoting Osaghae v. I.N.S., 942 F.2d 1160, 1163 (7th Cir.1991)); persecution means more than harassment. Balazoski, 932 F.2d at 642. The events described by petitioners do not constitute persecution. See Skalak, 944 F.2d at 365; Balazoski, 932 F.2d at 642; Zalega v. I.N.S., 916 F.2d 1257, 1260 (7th Cir.1990); Kubon v. I.N.S., 913 F.2d 386, 388 (7th Cir.1990). Petitioners urge us to find that the Board's prior determination in Matter of Chen, Int.Dec. 3104 (BIA 1989), is too restrictive in defining past persecution. We decline to do so. See Skalak, 944 F.2d at 365 (discussing Chen ).
 
 
 9
 Substantial evidence also supports the Board's determinations regarding the petitioners' applications for withholding of deportation that the petitioners did not establish a "clear probability of persecution" for Section 243(h). Because the petitioners have failed to satisfy the more lenient requirements for political asylum, we find that they cannot meet the requirements of the "clear probability standard." See I.N.S. v. Cardoza-Fonseca, 480 U.S. 421 (1987) (clear probability of persecution is stricter standard than well-founded fear of persecution).
 
 
 10
 DENIED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). The appellants have filed such statements and requested oral argument. Upon consideration of those statements, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 **
 We have consolidated these two appeals for purposes of disposition
 
 
 [1]
 Krystyna Jarzebski does not seek relief independent of her husband, but she will derive any benefit he receives
 
 
 [2]
 Although the record does not specify the date of the election, we note that on May 27, 1990, Poland held its first free local elections since World War II