47 F.3d 1173
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Cemal KEYIFLI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-2756.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 11, 1995.
Decided Feb. 23, 1995.
 
 1
 Before CUMMINGS, and FLAUM, Circuit Judges, and PAINE, District Judge*.
 
 ORDER
 
 2
 Cemal Keyifli, an ethnic Albanian and citizen of Turkey, appeals the denial of his application for asylum and withholding of deportation. We affirm.
 
 Background
 
 3
 Petitioner's family are ethnic Albanians who moved to Turkey from Macedonia in 1957. Petitioner was born in Ankara, Turkey in 1960 and completed high school in Turkey in 1977. Except for a stint in the Turkish military in 1982 and 1983, petitioner worked as a mechanical draftsman from 1978 to 1988.
 
 
 4
 Petitioner testified that he was never a member of any political group in Turkey, but claimed that while in high school he participated in and perhaps organized student boycotts protesting human rights and police abuses. In 1986, at least nine years after his high school activities, police arrested petitioner in a coffee shop and questioned him for two or three hours about his political affiliations. When he told police that he did not belong to any political groups, the police instructed him to behave himself and released him. This single incident was the closest he or any of his family members have come to being threatened or mistreated by authorities. Petitioner testified that a friend who was also involved in the high school protests was arrested and tortured in 1986. Petitioner testified, however, that unlike himself his friend had continued to be "very very [politically] activ[e]."
 
 
 5
 Petitioner entered the United States on an F-1 student visa on November 1, 1988, to study mechanical design at Harold Washington College in Chicago. Petitioner ended his studies in 1990 or 1991 and was charged by the INS for illegal stay on November 12, 1992. At his deportation hearing petitioner conceded deportability and sought asylum and withholding of deportation under 8 U.S.C. Secs. 1153 and 1253 and alternatively voluntary departure under 8 U.S.C. Sec. 1254. In an order dated January 14, 1994, the immigration judge denied petitioner's request for asylum and withholding of deportation but granted petitioner the privilege to depart voluntarily. The Board of Immigration Appeals ("BIA") affirmed the immigration judge's decision in an order dated June 29, 1994.
 
 Discussion
 
 6
 To be eligible for asylum as a political refugee, petitioner must establish that he is unable or unwilling to return to Turkey because of past persecution, or a well-founded fear of future persecution, on account of "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. Sec. 1101(a)(42); Sivaainkaran v. INS, 972 F.2d 161, 163 (7th Cir.1992). We may only reverse the BIA's finding that petitioner is not a refugee if the evidence is so "compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, ----, 112 S.Ct. 812, 817 (1992). Petitioner has not met this burden.
 
 
 7
 Petitioner's lone arrest and interrogation in 1986 do not constitute past persecution. See Skalak v. INS, 944 F.2d 364, 365 (7th Cir.1991) ("brief detentions and mild harassment ... do not add up to persecution"). The only issue then is whether petitioner established a well-founded fear of future persecution if he returns to Turkey.
 
 
 8
 Petitioner argues that his detention and questioning nine years after his high school protests demonstrate that he has been singled out by the government. Petitioner further argues that this rather dubious proposition coupled with the torture of his friend and his own Albanian ethnicity support a well founded fear of future persecution. The immigration judge and BIA disagreed and we cannot fault them.
 
 
 9
 The nine-year gap between petitioner's protest activities and his detention--during which he lived and worked in Turkey and also served in its military unmolested by authorities--indicates that the government had no continuing interest in him or his high school protests. Moreover, two years after he was detained he was allowed to leave Turkey and come to the United States to study--hardly the treatment one would expect from a government which had allegedly singled him out for persecution.
 
 
 10
 Petitioner's admissions that he was not politically active and that other participants in his high school protests did not have problems with the police further undermine his claim of a well-founded fear of future persecution.
 
 Conclusion
 
 11
 We find no error in the immigration judge and BIA's determinations that petitioner has not established his eligibility for political asylum or withholding of deportation.
 
 
 12
 AFFIRMED.
 
 
 
 *
 Honorable James C. Paine, United States District Judge for the Southern District of Florida, sitting by designation