Maria BACHKOVA, Petitioner,

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,**
Respondent.

No. 96–2191.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 17, 1997.

Decided March 24, 1997.

**377**

not "of the character" to warrant a present grant of asylum. For the reasons expressed below, we deny Bachkova's petition for review and affirm the decision of the Board of Immigration Appeals.

## I.

Bachkova testified to the following facts at her hearing before the immigration judge. In 1984, during the Bulgarian government's campaign of forced assimilation of Turks, Bachkova was a teacher in the ethnic Turkish area of Bulgaria. In her role as a teacher, Bachkova expressed sympathy with her Turkish students and expressed her opposition to policies requiring Turks to speak only Bulgarian and to change their names to ethnic Bulgarian names. As a result of her support for the Turks, Bachkova was arrested, imprisoned in a tiny cell for fifteen days, interrogated, and beaten. Upon signing a statement that she would not support the students or protest the forced assimilation policies, she was released. Bachkova was then forced by the authorities to help administer the name change policy; she participated in the assimilation program for roughly ten days.

The tables turned, her door was marked by the Turks as a supporter of the Communist regime. In 1985, she was attacked by two masked men, who she believes to be Turks. In May 1985, her job was terminated without explanation. With some difficulty she found another teaching position for September 1986. As a condition of her new employment, she had to report on the Turkish population.

In 1989, the Communist leader Todor Zhivkov was deposed; Bachkova took part in the resulting celebrations. The police summoned her as a warning to curtail this behavior. She was summoned again in 1990 after her eldest son left Bulgaria. The police interrogated her as to his whereabouts and detained her for five days. Subsequently, her phone was disconnected and her possessions were removed from her apartment by unknown persons. She moved to a school house, which burned down in August 1992. She left for the United States the following

David Rubman (argued), Chicago, IL, for petitioner.

Samuel Der–Yeghiayan, I.N.S., Chicago, IL, David M. McConnell, Susie Cho (argued), Stephen W. Funk, Department of Justice, Civil Division, Immigration Litigation, Jennifer H. Zawid, Linda S. Wendtland, United States Department of Justice, Washington, DC, for respondent.

Before BAUER, FLAUM, and EVANS, Circuit Judges.

FLAUM, Circuit Judge.

Maria Bachkova is a 56–year–old Bulgarian who entered the United States in August 1992 as a visitor. When her visa expired, the Immigration and Naturalization Service initiated deportation proceedings against her. She filed for asylum and withholding of deportation based solely upon her past persecution in Bulgaria. Both the immigration judge and Board of Immigration Appeals denied relief from deportation. In its decision, the Board of Immigration Appeals did not pause to consider whether Bachkova's past experience amounted to persecution, but rather moved to the second step of the asylum test and found that the past harm was

week. Since her arrival she has found employment assisting an elderly woman and has married a permanent resident.

## II.

▮▮▮ Bachkova initially argues that the Board abused its discretion by denying relief from deportation without first reaching the issue of statutory eligibility. To succeed in a petition for asylum, Bachkova must qualify as a "refugee," defined under 8 U.S.C. § 1101(a)(42)(A). *See Krastev v. Immigration and Naturalization Service,* 101 F.3d 1213, 1216 (7th Cir.1996); *Mitev v. Immigration and Naturalization Service,* 67 F.3d 1325, 1329 (7th Cir.1995). Once refugee status is established, it is within the discretion of the Attorney General to grant the alien asylum. See 8 U.S.C. § 1158(a). We do not insist on a particular order to these steps followed by the immigration agency adjudicating asylum determinations. In *Immigration and Naturalization Service v. Bagamasbad,* 429 U.S. 24, 97 S.Ct. 200, 50 L.Ed.2d 190 (1976), the Supreme Court held that the Board of Immigration Appeals was not required to determine statutory eligibility if such findings would be "purely advisory or conclusory," thus freeing the immigration judge or appellate board to leap ahead to its discretionary determination. *See id.* at 26, 97 S.Ct. at 201. This is not to say that the Board may ignore Bachkova's past experience: the Board must consider all aspects of a case and its decision must reflect its deliberation. *Shahandeh–Pey v. Immigration and Naturalization Service,* 831 F.2d 1384, 1389 (7th Cir.1987). Here, the Board's decision incorporates the immigration judge's decision detailing Bachkova's past treatment in Bulgaria and summarizes and addresses Bachkova's experience in its own decision; thus, we can assume the Board was mindful of this history in its ultimate decision.

▮▮▮ Bachkova goes on to argue that what she experienced amounted to past persecution so searing that it would be inhumane to return her to Bulgaria. A deportable alien may be found eligible for asylum on the basis of past persecution alone. *See Mitev,* 67 F.3d at 1330 (7th Cir.1995). Past persecution creates a rebuttable presumption

that a person should not be returned to his country of origin. *See Skalak v. Immigration and Naturalization Service,* 944 F.2d 364, 365 (1991). This presumption arises in part because the past may be indicative of the future; from a history of persecution we may infer a probability of future persecution. In Bachkova's case this rationale does not carry great force. Bulgaria is now governed by a parliamentary system, and the Communists, reorganized under the banner of the Socialist party, are no longer the exclusive possessors of power. Consequently, Bachkova's past persecution under the totalitarian regime does not dictate a likelihood of future persecution.

▮▮▮ Bachkova instead relies on the second rationale backing this rebuttable presumption: "The experience of persecution may so sear a person with distressing associations with his native country that it would be inhumane to force him to return there, even though he is in no danger of further persecution." *Id.* at 365. On several occasions, this Circuit has attempted, if not to define persecution, at least to specify a range of conduct that will be considered persecution. *See Mitev,* 67 F.3d at 1329 (collecting cases); *Balazoski v. Immigration and Naturalization Service,* 932 F.2d 638, 641–42 (7th Cir.1991) (defining persecution "is a most elusive and imprecise task, one that is at the margins perhaps uniquely political in nature"); *Zalega v. Immigration and Naturalization Service,* 916 F.2d 1257, 1260 (7th Cir.1990). Here, we are not concerned with the broad spectrum of what may or may not be considered persecution. *See Skalak,* 944 F.2d at 365. Where the severity of past persecution is the sole reason for granting asylum, our task is to identify only the most severe oppression. *Id.* The standard is underscored in a case such as this, where the persecutors no longer remain in power. *Id.*

Bachkova was interrogated, incarcerated, forced to act against her political will, and beaten by the former Communist authorities. Her home was ransacked and she was attacked on the street by unknown persons. We recognize that these were frightening and painful experiences. Yet, horrifying as they must have been at the time, they do not

render, under our existing immigration jurisprudence, deportation to present-day Bulgaria an "inhumane" act. *See id.* Given their duration, intermittent occurrence, and, in two instances, tenuous connection to the earlier Bulgarian government, we are unable to conclude, considering our deferential role, *see Immigration and Naturalization Service v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992), that the Board abused its discretion in concluding that Bachkova's experience under the prior regime falls short of that which is required for asylum.

Finally, we note that Bachkova, in addition to applying for asylum, applied for a withholding of deportation pursuant to 8 U.S.C. § 1253(h). To succeed under this provision, a petitioner must demonstrate a "clear probability of persecution." *Immigration and Naturalization Service v. Cardoza–Fonseca,* 480 U.S. 421, 429, 107 S.Ct. 1207, 1212, 94 L.Ed.2d 434 (1987). As Bachkova does not represent that she will be subject to any persecution in the future, she is statutorily ineligible for relief under this section of the Immigration and Nationality Act, and thus, her petition for withholding of deportation fails.

For the reasons articulated above, we must deny Bachkova's petition for review and AFFIRM the decision of the Board of Immigration Appeals.