132 F.3d 39
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mihaly KOTASZ; Agnes Horvath Kotasz; Matyas Kotasz; Erica
Kotasz, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70684.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 4, 1997.*
Filed Dec. 8, 1997.
 
 Petition to Review a Decision of the Immigration and Naturalization Service.
 Before HALL, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mihaly Kotasz, his wife and their two children, all natives and citizens of Hungary, petition for review of the Board of Immigration Appeals' decision, following this court's remand in Kotasz; v. INS, 31 F.3d 847 (9th Cir.1994), dismissing Kotasz's appeal from an immigration judge's decision finding him deportable for having remained in the United States longer than permitted by his visa, and denying his applications for asylum and withholding of deportation pursuant to 8 U.S.C. § 1158(a) and § 1253(h). We remanded for further consideration of Kotasz's asylum and withholding of deportation claims on the ground that the BIA erred in its application of the requirement that an applicant for asylum and withholding of deportation prove a particularized threat of persecution.
 
 
 3
 We have jurisdiction to hear this appeal under 8 U.S.C. § 1105a(a), and we deny the petition for review.
 
 
 4
 * Kotasz argues that the BIA abused its discretion by denying his application for asylum because he suffered past persecution from his prior anti-Communist activities and he has a well-founded fear of future persecution despite the change in government. We disagree.
 
 
 5
 The Attorney General has discretion to grant asylum to an applicant who is unwilling to return to his native country because of past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A). We review for legal error the determination of the BIA that Kotasz was not eligible for asylum, but "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B) (1996). We will reverse the eligibility finding only if the evidence "presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Zacarias, 502 U.S. 478, 483-84 (1992). Once an alien is determined to be statutorily eligible for asylum, the BIA's discretionary decision to grant or deny asylum is reviewed for an abuse of discretion. Lopez-Galarza v. INS, 99 F.3d 954, 960 (9th Cir.1996). The BIA abuses its discretion if its decision is "arbitrary, irrational, or contrary to law." Id. (internal quotations omitted).
 
 
 6
 The BIA determined that Kotasz established past persecution. Thus, he was entitled to a rebuttable presumption of future persecution. Matter of Chen, 20 I & N Dec. 16, 18 (BIA 1989). Past persecution alone establishes statutory eligibility for asylum, however, "[t]he likelihood of present or future persecution then becomes relevant as to the exercise of discretion, and asylum may be denied as a matter of discretion if there is little likelihood of present persecution." Id. We have adopted this two-step approach. Kazlauskas v. INS, 46 F.3d 902, 905 (9th Cir.1995) ("At this second step, prospective questions about the potential effects of the applicant's return to his country of origin again are relevant, even if the applicant established his eligibility for asylum by showing only past persecution."). In particular, the reviewing entity "may take administrative notice of changed circumstances in appropriate cases, such as where the government from which the threat of persecution arises has been removed from power." Matter of Chen, 20 I & N Dec. at 18.
 
 
 7
 Substantial evidence supports the BIA's finding that circumstances have changed in Hungary, removing the threat of future persecution to Kotasz. Although the BIA inappropriately relied on Bodo v. INS, 34 F.3d 1071 (9th Cir.1994), which is an unpublished disposition, 9th Cir. Rule 36-3, the State Department's 1995 Country Reports support the BIA's finding that conditions in Hungary have changed to such an extent that, if returned to Hungary, Kotasz would not be harmed for his anti-Communist activities which occurred over 10 years ago. Thus, the BIA did not abuse its discretion in finding that Kotasz does not have a well-founded fear of future persecution.
 
 II
 
 8
 Kotasz also claims that his past persecution was so severe that he should be given asylum for humanitarian reasons regardless of his fear of future persecution. We disagree.
 
 
 9
 Denials of asylum are reviewed for an abuse of discretion. Lopez-Galarza, 99 F.3d at 960.
 
 
 10
 Although the treatment that Kotasz received at the hands of the former Communist regime was no doubt traumatic, it was not so atrocious that the BIA abused its discretion in denying him asylum based on humanitarian grounds. We can't say that being jailed and beaten on several occasions by the Hungarian police because of opposition to the Communist government, and being required to serve as a cook for one and a half years in a labor camp in lieu of serving in the Hungarian military, which Kotasz refused to do, rises to the level of persecution experienced by any of the applicants cited by Kotasz who were granted asylum, as a matter of discretion, based on humanitarian considerations. See Matter of Chen, 20 I & N Dec. 16 (BIA 1989) (asylum granted on humanitarian grounds for son of a Christian minister who grew up during the Cultural Revolution, who was locked in a room for six months, repeatedly beaten, and constantly ostracized, resulting in physical debilitation, need for a hearing aid, and suicidal tendencies); Skalak v. INS, 944 F.2d 364, 365 (7th Cir.1991) (finding that being jailed twice for three days at a time for interrogation and being harassed at work for failure to join the Communist Party does not amount to persecution warranting asylum without a showing of a well-founded fear of future persecution); In re B-, Interim Dec. 3251 (BIA 1995) (granting asylum despite changes in Afghanistan's government to alien who spent 13 months in KHAD detention and in prison under the Communist regime, where such detention routinely involved "physical torture and psychological abuse, inadequate diet and medical care, and the integration of political prisoners with criminal and mentally ill prisoners").
 
 
 11
 The other cases upon which Kotasz relies are inapposite. In Prasad v. INS, 83 F.3d 315 (9th Cir.), amended and superseded by Prasad v. INS, 101 F.3d 614 (9th Cir.1996), we were concerned with whether past persecution should have been found such that the rebuttable presumption of future persecution was triggered. And in In re H-, Interim Dec. 3276 (BIA 1996), the Board remanded for factual determinations regarding past persecution, future persecution, and humanitarian considerations but did not grant asylum (or suggest that it should be granted) based on humanitarian considerations alone.
 
 
 12
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3