**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

IRENE ASHU,
Petitioner,

v.

No. 96-2376

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A70-685-302)

Submitted: March 17, 1998

Decided: April 3, 1998

Before HAMILTON and MOTZ, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Donald L. Schlemmer, Washington, D.C., for Respondent. Frank W.
Hunger, Assistant Attorney General, Civil Division, Stephen W.
Funk, Senior Litigation Counsel, James A. Hunolt, Office of Immi-
gration Litigation, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Irene Ashu petitions for review of an order of the Board of Immigration Appeals ["the Board"] denying her application for asylum and withholding of deportation but granting her application for voluntary departure. Because substantial evidence supports the Board's decision, we affirm.

Ashu, a native and citizen of Cameroon, entered the United States as a visitor. She overstayed her visa and concedes her deportability. Following a hearing, an Immigration Judge denied Ashu's petitions for asylum and withholding of deportation but granted her application for voluntary departure. The Board reviewed her claims and found that there were inconsistencies between her testimony and her application and written statement. The Board also found inconsistencies in the background information in the record. Accordingly, the Board concluded that Ashu was not credible. Further, the Board determined that, even assuming that Ashu was credible, she failed to establish that she was persecuted or has a well-founded fear of persecution based upon one of the statutory grounds, and therefore the Board dismissed her appeal. Ashu timely petitions this court for review of the Board's order.

In her petition, Ashu avers that she suffered past persecution based upon her political opinion and also that she has a genuine, well-founded fear that if she returns to Cameroon her life will be in danger because of her political opinion. Ashu claims that because of her political affiliation with groups advocating human rights and equality among the people, such as the Social Democratic Front ["SDF"], the South West Elite Association ["SWELA"], and the Cameroon Anglophone Movement ["CAM"], she was arrested and briefly detained on two different occasions. Ashu also states that she fears future persecution because her father, a member of CAM and a founder of the Lib-

2

eral Democratic Party ["LDP"], was detained on different occasions, her cousin was killed for participating in a protest, and her friend who was an SDF organizer was arrested and subsequently disappeared.

An alien qualifies for asylum if she is unable or unwilling to return to the country of her nationality "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C.A. § 1101(a)(42)(A) (West Supp. 1997). The well-founded fear standard contains both a subjective and an objective component. See INS v. Cardoza-Fonseca, 480 U.S. 421, 430-32 (1987). The subjective element requires a genuine fear on the part of the alien. See Figeroa v. INS, 886 F.2d 76, 79 (4th Cir. 1989). The objective component requires credible, specific, and direct evidence supporting a reasonable fear that the alien faces persecution. See id.; Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992).

A trier of fact's credibility determinations made in deportation proceedings must be supported by substantial evidence. See Figeroa, 886 F.2d at 78. We must uphold the Board's decision if it is supported by substantial evidence from the record as a whole. See Huaman-Cornelio, 979 F.2d at 999. The reviewing court can reverse the Board only if the evidence "`was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution.'" Id. (quoting INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992)).

We conclude that substantial evidence supports the Board's finding that Ashu was not credible and furthermore that she failed to show that she was persecuted or has a well-founded fear of future persecution on account of the statutory grounds. There were numerous inconsistencies between Ashu's testimony and her application for asylum and written statement. See Tarvand v. INS, 937 F.2d 973, 975 (4th Cir. 1991). In support of her claim that she was persecuted and feared future persecution, Ashu testified that she was a member of CAM, was detained in March 1993, and that her cousin was killed for his participation in a protest; however, she failed to mention these allegations in her application and written statement. Furthermore, there are inconsistencies between the background information in the record and her claims. For example, the background information does not sup-

3

port her claims that there were large-scale detentions following the protests in which she participated. Given the inconsistencies, substantial evidence supports the Board's finding that Ashu was not credible. See Matter of Ho, 19 I. & N. Dec. 582, 591 (B.I.A. 1988). Because Ashu failed to present credible testimony demonstrating a genuine fear of persecution, she failed to meet the subjective component of the well-founded fear standard. See Huaman-Cornelio , 979 F.2d at 999.

Regardless of whether Ashu's petition fails due to her lack of credibility, we find that substantial evidence supports the Board's conclusion that Ashu was not persecuted and that she failed to meet her burden of proving that she has a well-founded fear of persecution. First, we determine that Ashu's allegations of brief detentions based upon her political affiliations do not amount to past persecution. See Skalak v. INS, 944 F.2d 364, 365 (7th Cir. 1991) (finding no persecution established where alien was jailed twice for interrogation and detained three days on each occasion); Zalega v. INS, 916 F.2d 1257, 1260 (7th Cir. 1990) (concluding past detention, interrogation, and economic disadvantage, not substantial enough to constitute persecution). Furthermore, we find that Ashu's evidence that her father was detained because of his political opinion, her cousin was killed in a protest, and her friend who was an SDF organizer was arrested and then disappeared, is insufficient to establish that a reasonable person in her circumstances would fear persecution on account of one of the statutory grounds. See Huaman-Cornelio, 979 F.2d at 999. Accordingly, we find that substantial evidence supports the Board's decision denying asylum.

Because Ashu fails to meet the burden of proof for asylum, it is not necessary for us to decide whether she meets the higher standard for withholding of deportation under 8 U.S.C.A. § 1253(h) (West Supp. 1997). See Cardoza-Fonseca, 480 U.S. at 430-32; Rivera-Cruz v. INS, 948 F.2d 962, 969 (5th Cir. 1991).

We affirm the Board's decision denying Ashu asylum and withholding of deportation but granting voluntary departure. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4