**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TARA SINGH,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>　　　　　　　Respondent. | No. 13-74433<br><br>Agency No. A070-542-835<br><br>MEMORANDUM<sup>*</sup> |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2016<sup>**</sup>
San Francisco, California

Before: SILVERMAN, FISHER, and TALLMAN, Circuit Judges.

　　Tara Singh, a native and citizen of India, petitions for review of a decision of

the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ)

decision denying him asylum, withholding of removal, and relief under the

---

　　　*　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

　　　**　　The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition for review.

**1.** The record does not compel the conclusion that Singh suffered past persecution by the Indian police. Singh's mistreatment by the police, while reprehensible, occurred only once. Singh was detained for less than a day, did not report any injuries, and voluntarily returned to the police station on two separate occasions after this incident without further problems. *Prasad v. I.N.S.*, 47 F.3d 336, 339–40 (9th Cir. 1995) (minor abuse of applicant during brief detention and interrogation did not compel a finding of past persecution); *Gu v. Gonzales*, 454 F.3d 1014, 1020 (9th Cir. 2006) (brief detention and beating did not compel a finding of past persecution).

The record does, however, compel the conclusion that Singh suffered past persecution at the hands of the Bhindranwale Tiger Force (BTF). Credible death threats, combined with an actual assassination attempt shortly thereafter, substantially supports a finding of past persecution. *See Navas v. I.N.S.*, 217 F.3d 646, 658 (9th Cir. 2000) (holding that the petitioner "unquestionably demonstrated persecution" where he was "threatened with death," "he was shot at," and two of his family members were murdered). Therefore, Singh has unquestionably demonstrated that he suffered past persecution at the hands of the BTF.

2

**2.** Because Singh established past persecution, "a rebuttable presumption of a well-founded fear of future persecution arises." *See Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103 (9th Cir. 2003) (citing 8 C.F.R. § 208.13(b)(1)). Despite the BIA's error in concluding that Singh did not suffer past persecution, substantial evidence nonetheless supports the BIA's alternative holding that there has been a fundamental change in country conditions such that Singh does not face a well-founded fear of future persecution. Administrative Record at 4. The BIA expressly upheld the IJ's determination that "there is ample evidence that circumstances in India have fundamentally changed such that he cannot establish a well-founded fear of future persecution." Administrative Record at 4, 49. The BIA properly considered various State Department country reports indicating that conditions for Indian Sikhs have dramatically improved, the period of Sikh militancy has ended, India has elected a Sikh prime minister, and that the BTF is now largely defunct. Further, the BIA properly found that Singh's three voluntary return trips to India without incident to attend public gatherings further undermines his claim of a well-founded fear of future persecution at the hands of the BTF. *See Loho v. Mukasey*, 531 F.3d 1016, 1017–18 (9th Cir. 2008) (voluntary return trips "militates against a finding of past persecution or a well-founded fear of future persecution"). Accordingly, substantial evidence supports the BIA's denial of

3

asylum. Contrary to the position of our colleague in dissent, we see no reason to order a remand to repeat an analysis on fundamental change in country conditions that has already been completed.

**3.** Because Singh has failed to establish eligibility for asylum, he "necessarily fails to establish eligibility for withholding of removal." *Cruz-Navarro v. I.N.S.*, 232 F.3d 1024, 1031 (9th Cir. 2000) (quoting *Singh-Kaur v. I.N.S.*, 183 F.3d 1147, 1149 (9th Cir. 1999)).

**4.** The record does not compel the conclusion that "it is more likely than not" Singh will be tortured if he returns to India. *See Bromfield v. Mukasey*, 543 F.3d 1071, 1079 (9th Cir. 2008) ("[Petitioner] is entitled to relief under CAT if he establishes that he would more likely than not be tortured in [his home country].").

The Petition for Review is **DENIED.**

FILED

FEB 11 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FISHER, Circuit Judge, concurring in part and dissenting in part:

I respectfully dissent from parts 2 and 3 of the majority's disposition. I join in parts 1 and 4 of the disposition.

"An applicant alleging past persecution has the burden of establishing that (1) his treatment rises to the level of persecution; (2) the persecution was on account of one or more protected grounds; and (3) the persecution was committed by the government, or by forces that the government was unable or unwilling to control." *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010). "Once past persecution is demonstrated, then fear of future persecution is presumed, and the burden shifts to the government to show, by a preponderance of the evidence, that there has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution, or the applicant could avoid future persecution by relocating to another part of the applicant's country." *Deloso v. Ashcroft*, 393 F.3d 858, 863-64 (9th Cir. 2005) (alteration and internal quotation marks omitted).

In the case before us, the Board of Immigration Appeals (BIA) rejected Singh's asylum claim on the ground that his treatment did not rise to the level of

1

past persecution. *See* Administrative Record at 4 ("The record supports the Immigration Judge's determination that, while credible, the respondent has failed to establish that these incidents, including his legs being kicked during his arrest by the Indian police and his interrogation, and a threatening letter from the Bhindranwale Tiger Force, constitute past persecution."). The BIA did not address whether the persecution was on account of one or more protected grounds or whether the persecution was committed by the government or forces the government was unable or unwilling to control. Nor did the BIA apply the presumption of a fear of future persecution. *See id.* ("In the absence of a finding of past persecution, the respondent is not entitled to the presumption that he has a well-founded fear of future persecution if returned to India."). Accordingly, the BIA did not address whether the government had met its burden under 8 C.F.R. § 1208.13(b)(1)(i) of showing either a fundamental change in circumstances such that Singh no longer has a well-founded fear of persecution or that Singh could avoid future persecution by relocating to another part of India.

I agree with the majority's holding that the record compels the conclusion that the treatment Singh suffered rises to the level of past persecution: a credible death threat, combined with an actual assassination attempt, compels a finding of past persecution. The BIA, therefore, denied Singh's asylum application on an

erroneous ground. That should be the end of the matter. Our duty in these circumstances is to grant the petition for review and remand to the BIA to address the other aspects of Singh's asylum claim, none of which the BIA has yet considered. *See Negusie v. Holder*, 555 U.S. 511, 517 (2009) ("When the BIA has not spoken on 'a matter that statutes place primarily in agency hands,' our ordinary rule is to remand to 'give the BIA the opportunity to address the matter in the first instance in light of its own expertise.'" (alterations omitted) (quoting *INS v. Ventura*, 537 U.S. 12, 16 (2002) (per curiam))); *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) ("[O]ur review is limited to the actual grounds relied upon by the BIA." (quoting *Ramirez-Altamirano v. Holder*, 563 F.3d 800, 804 (9th Cir. 2009)) (internal quotation marks omitted)); *Doissaint v. Mukasey*, 538 F.3d 1167, 1170 (9th Cir. 2008) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (quoting *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004)) (internal quotation marks omitted)).

The majority declines to apply the ordinary remand rule here by relying on the BIA's "alternative holding that there has been a fundamental change in country conditions such that Singh does not face a well-founded fear of future persecution." Majority Disposition at 3. The BIA, however, made no such holding. Although the BIA noted Singh "cannot establish a well-founded fear of

3

persecution by the Bhindranwale Tiger Force because of changed conditions in India," Administrative Record at 4, this does not mean the BIA found a fundamental change in country conditions. First, the BIA expressly stated it was *not* applying the "presumption [of] a well-founded fear of future persecution." *Id.* The Board made its statement regarding changed country conditions in addressing whether Singh had satisfied his burden of showing future persecution under 8 C.F.R. § 1208.13(b)(2), not in addressing whether the government met its burden of showing a fundamental change in circumstances under § 1208.13(b)(1)(i)(A). Second, because the BIA was conducting a different inquiry than the one the majority attributes to it, the Board found only "changed conditions in India," not "a fundamental change in circumstances," as would be required to rebut the presumption under § 1208.13(b)(1)(i)(A). Third, because the BIA was addressing future persecution under § 1208.13(b)(2) rather than past persecution under § 1208.13(b)(1)(i)(A), it placed the burden on Singh rather than the government.

The majority errs by treating the finding the BIA actually made with the one it was required to make. These are quite distinct inquiries, both in terms of who has the burden of proof and what that burden is. For good reason, *see, e.g.*, *Skalak v. INS*, 944 F.2d 364, 365 (7th Cir. 1991), our asylum laws treat an applicant such as Singh, who has actually suffered past persecution, differently than one who has

not: Singh is presumed to be eligible for asylum unless the government meets its high burden of rebutting that presumption by showing a fundamental change in circumstances. Here, the BIA never addressed whether the government had met that heightened burden.

The majority errs by upholding the BIA's decision on a ground the BIA explicitly did not rely on. I would grant the petition for review on Singh's asylum and withholding of removal claims and remand those claims to the BIA, as the ordinary remand rule requires.