FISHER, Circuit Judge,
concurring in part and dissenting in part:
I respectfully dissent from parts 2 and 3 of the majority’s disposition. I join in parts 1 and 4 of the disposition.
“An applicant alleging past persecution has the burden of establishing that (1) his treatment rises to the level of persecution; (2) the persecution was on account of one or more protected grounds; and (3) the persecution was committed by the government, or by forces that the government was unable or unwilling to control.” Baghdasaryan v. Holder, 592 F.3d 1018, 1023 (9th Cir.2010). “Once past persecution is demonstrated, then fear of future persecution is presumed, and the burden shifts to the government to show, by a preponderance of the evidence, that there has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution, or the applicant could avoid future persecution by relocating to another part of the applicant’s country.” Deloso v. Ashcroft, 393 F.3d 858, 863-64 (9th Cir.2005) (alteration and internal quotation marks omitted).
In the case before us, the Board of Immigration Appeals (BIA) rejected Singh’s asylum claim on the ground that *322 his treatment did not rise to the level of past persecution. See Administrative Record at 4 (“The record supports the Immigration Judge’s determination that, while credible, the respondent has failed to establish that these incidents, including his legs being kicked during his arrest by the Indian police and his interrogation, and a threatening letter from the Bhindranwale Tiger Force, constitute past persecution.”). The BIA did not address whether the persecution was on account of one or more protected grounds or whether the persecution was committed by the government or forces the government was unable or unwilling to control. Nor did the BIA apply the presumption of a fear of future persecution. See id. (“In the absence of a finding of past persecution, the respondent is not entitled to the presumption that he has a well-founded fear of future persecution if returned to India.”). Accordingly, the BIA did not address whether the government had met its burden under 8 C.F.R. § 1208.13(b)(l)(i) of showing either a fundamental change in circumstances such that Singh no longer has a well-founded fear of persecution or that Singh could avoid future persecution by relocating to another part of India.
I agree with the majority’s holding that the record compels the conclusion that the treatment Singh suffered rises to the level of past persecution: a credible death threat, combined with an actual assassination attempt, compels a finding of past persecution. The BIA, therefore, denied Singh’s asylum application on an erroneous ground. That should be the end of the matter. Our duty in these circumstances is to grant the petition for review and remand to the BIA to address the other aspects of Singh’s asylum claim, none of which the BIA has yet considered. See Negusie v. Holder, 555 U.S. 511, 517, 129 S.Ct. 1159, 173 L.Ed.2d 20 (2009) (“When the BIA has not spoken on ‘a matter that statutes place primarily in agency hands,’ our ordinary rule is to remand to ‘give the BIA the opportunity to address the matter in the first instance in light of its own expertise.’” (alterations omitted) (quoting I.N.S. v. Ventura, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam))); Najmabadi v. Holder, 597 F.3d 983, 986 (9th Cir.2010) (“[0]ur review is limited to the actual grounds relied upon by the BIA.” (quoting Ramirez-Altamirano v. Holder, 563 F.3d 800, 804 (9th Cir. 2009)) (internal quotation marks omitted)); Doissaint v. Mukasey, 538 F.3d 1167, 1170 (9th Cir.2008) (“In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency.” (quoting Andia v. Ashcroft, 359 F.3d 1181, 1184 (9th Cir.2004)) (internal quotation marks omitted)).
The majority declines to apply the ordinary remand rule here by relying on the BIA’s “alternative holding that there has been a fundamental change in country conditions such that Singh does not face a well-founded fear of future persecution.” Majority Disposition at 3. The BIA, however, made no such holding. Although the BIA noted Singh “cannot establish a well-founded fear of persecution by the Bhin-dranwale Tiger Force because of changed conditions in India,” Administrative Record at 4, this does not mean the BIA found a fundamental change in country conditions. First, the BIA expressly stated it was not applying the “presumption of a well-founded fear of future persecution.” Id. The Board made its statement regarding changed country conditions in addressing whether Singh had satisfied his burden of showing future persecution under 8 C.F.R. § 1208.13(b)(2), not in addressing whether the government met its burden of showing a fundamental change in circumstances under § 12Q8.13(b)(l)(i)(A). Second, because the BIA was conducting a *323 different inquiry than the one the majority attributes to it, the Board found only “changed conditions in India,” not “a fundamental change in circumstances,” as would be required to rebut the presumption under § 1208.13(b)(1)(i)(A). Third, because the BIA was addressing future persecution under § 1208.13(b)(2) rather than past persecution under § 1208.13(b)(1)(i)(A), it placed the burden on Singh rather than the government.
The majority errs by treating the finding the BIA actually made with the one it was required to make. These are quite distinct inquiries, both in terms of who has the burden of proof and what that burden is. For good reason, see, e.g., Skalak v. I.N.S., 944 F.2d 364, 365 (7th Cir.1991), our asylum laws treat an applicant such as Singh, who has actually suffered past persecution, differently than one who has not: Singh is presumed to be eligible for asylum unless the government meets its high burden of rebutting that presumption by showing a fundamental change in circumstances. Here, the BIA never addressed whether the government had met that heightened burden.
The majority errs by upholding the BIA’s decision on a ground the BIA explicitly did not rely on. I would grant the petition for review on Singh’s asylum and withholding of removal claims and remand those claims to the BIA, as the ordinary remand rule requires.